**UNITED STATES of America,**
**Appellee,**

v.

**Jose Enrique SANTIAGO, also known as Thief David and Julius Williams, also known as Stinker, also known as Julius Robinson, Defendants-appellants.**

**No. 02–1725L.**

United States Court of Appeals,
Second Circuit.

March 16, 2005.

Gary S. Villanueva, New York, NY, for Appellant Santiago.

Austin V. Campriello, Bryan Cave, LLP, New York, NY, for Appellant Williams.

Daniel M. Gitner, Assistant United States Attorney (David N. Kelley, United States Attorney, and Harry Sandick, Assistant United States Attorney, on the brief), New York, NY, for Appellee, of counsel.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM,* District Judge.

### SUMMARY ORDER

■ Jose Enrique Santiago and Julius Williams ("appellants") appeal from judgments of conviction for violation of 18 U.S.C. § 1962(d), 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A) and 846, and, with respect to Santiago only, 18 U.S.C. §§ 1961 and 1962(c), entered on December 3, 2002, in the United States District Court for the Southern District of New York pursuant to a verdict of guilty following a seven week jury trial. Santiago was sentenced principally to a term of 70 years' imprisonment and 6 years' supervised release, and Williams was sentenced principally to a term of 50 years' imprisonment and 6 years' supervised release. We assume the parties' familiarity with the facts and procedural background of this case.

Appellants assert that the district court erred when it delivered a supplemental jury charge pursuant to *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), arguing that the charge was improperly coercive. The use of a supple-

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

mental charge "has long been sanctioned" by the Supreme Court, *Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988), and all of the Courts of Appeals, *see id.* at 238 n. 1 (collecting cases). The Second Circuit "has consistently reaffirmed its approval of the supplementary charge to encourage a verdict in the face of an apparent deadlock." *United States v. Hynes*, 424 F.2d 754, 757 (2d Cir.1970). Moreover, district courts have broad discretion to determine under what circumstances and how the charge should be given. *See Smalls v. Batista*, 191 F.3d 272, 277 (2d Cir.1999). "Whether an *Allen* charge [is] appropriate in a given case hinges on whether it tends to coerce undecided jurors into reaching a verdict." *United States v. Melendez*, 60 F.3d 41, 51 (2d Cir.1995), *vacated on other grounds by Colon v. United States*, 516 U.S. 1105, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). An *Allen* charge is "helpful and not coercive when it only expresses encouragement to the jurors to reach a verdict, if possible, to avoid the expense and delay of a new trial." *Id.* The appropriate inquiry is "whether the district court instructed the jury as to the 'necessity on the part of each juror to adhere to his [or her] own judgment.'" *Id.* (alteration in original) (quoting *Hynes*, 424 F.2d at 758); *see also Smalls*, 191 F.3d at 278 (finding a supplemental charge unconstitutionally coercive, in part because the district court failed to remind jurors not to relinquish their conscientiously held beliefs).

Under the above standards, we perceive no unconstitutional coercion in the *Allen* charge in question. To the contrary, the district court's instructions with respect to the necessity of independent and conscientious judgment on the part of each juror were ample and thorough.

Appellants also find fault with Judge Marrero's instruction that "a dissenting juror should consider whether his doubt was a reasonable one which made no impression on the minds of so many men and women equally honest, equally intelligent with himself or herself." Though this instruction is disfavored by some of our sister circuits, *see, e.g., United States v. Fioravanti*, 412 F.2d 407, 420 (3d Cir.1969), this Court long ago approved the exact language with which appellants find fault, *see Hynes*, 424 F.2d at 756 n. 2.

■ Appellants also contend that the guilty pleas of co-defendants were unconstitutionally admitted into evidence against them in violation of the rule announced in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Under *Crawford*, the district court's admission, over defense objections, of the plea allocutions of appellants' co-conspirators violated appellants' Confrontation Clause rights. *See United States v. McClain*, 377 F.3d 219, 221 (2d Cir.2004). Confrontation Clause violations, if preserved, are subject to harmless error review, and *Crawford* does not suggest otherwise. *See id* at 222. Because appellants' guilt is supported by an overwhelming amount of evidence including police and civilian eyewitness testimony, victim testimony, surveillance videos, photographs, seized weapons, heroin and crack cocaine sold to undercover officers, and incriminating conversations recorded with wire-taps, we are persuaded that the admission of the plea allocutions was harmless beyond a reasonable doubt. Moreover, the jury was instructed that it could consider the plea allocutions only as evidence that the conspiracy existed, and we may presume that the jury followed this instruction. *Id.* at 223 (citing *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002)).

Appellants also allege that the district court's sentencing violated their Sixth Amendment rights. In light of the Su-

preme Court's recent opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we hold that the case must be remanded to the district court for proceedings consistent with this Court's recent decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

■ Finally, we address appellant Santiago's contention that his sentence was imposed based on an erroneous interpretation of the Guidelines. We address this argument notwithstanding the fact that the Guidelines are now only advisory, because the district court on remand remains under a duty to consider "the sentence that would have been imposed under the Guidelines." *See id.* at *7. Where a court has miscalculated a Guidelines sentence or has misapprehended its authority to depart under the Guidelines, it has failed to "consider" a Guidelines sentence. *See id.* at *7, *9.

Santiago argues that his Guidelines sentence was erroneous on the ground that the district court did not understand its power to grant him a downward departure. Santiago had sought a departure on the ground that, *inter alia,* the imposition of consecutive sentences allowed the court to sentence him to a longer term of imprisonment than the statutory maximum penalty he faced on any single count.**

This Court applies a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996). The presumption is overcome only where there is "clear evidence of a substantial risk that the judge misapprehended the scope of his [or her] departure authority." *Id.; see also United States v. Walker,* 191 F.3d 326, 338–39 (2d Cir.1999). We perceive no such substantial risk here. After hearing argument, the district court denied Santiago's downward departure motion on the merits. Judge Marrero told Santiago that "there is no evidence on [the] record that you have shown remorse for [your] crimes," and he imposed a 2–level enhancement for Santiago's obstruction of justice. With respect to the imposition of consecutive sentences pursuant to U.S.S.G. § 5G1.2(d), Judge Marrero noted that there is no constitutional right to concurrent, rather than consecutive, sentences, and he specifically decided to "run the sentences consecutively." As such, it is clear that Judge Marrero understood his power to depart downward. His decision not to do so does not render the Guidelines sentence erroneous.

We have considered appellants' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgments of conviction are AFFIRMED. The judgments imposing sentence are AFFIRMED IN PART and REMANDED for further proceedings consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

---

** The government did not contest below the district court's authority to depart, though it did argue that a departure was unjustified in this case.