13-902
*Santiago v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

JOSE ENRIQUE SANTIAGO,

> *Petitioner-Appellant*,

> V.                                                             No. 13-902

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**      RANDOLPH Z. VOLKELL, Merrick, NY.

**FOR RESPONDENT-APPELLEE:**       MICAH W. J. SMITH (Diane Gujarati, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a September 10, 2012 order of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be **AFFIRMED**.

On March 8, 2002, a jury found petitioner-appellant Jose Enrique Santiago ("Santiago") guilty of participating in a racketeering organization, racketeering conspiracy, and narcotics conspiracy. The District Court sentenced Santiago principally to 70 years' imprisonment. On June 7, 2012, Santiago moved in the District Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255,[1] which the District Court denied. Santiago now appeals. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was objectively deficient under prevailing professional standards, and that he was actually prejudiced as a result of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 690, 693 (1984). "The [ineffective assistance] claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011). In order to satisfy the prejudice prong with respect to a claim focusing on sentencing, "the defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). On appeal from a denial of a habeas petition, we review factual findings for clear error and conclusions of law *de novo*. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

### A. Abandonment Claim

We first consider whether Santiago's counsel was constitutionally ineffective in failing to file a motion for resentencing once the case had been remanded pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). After careful review of the record, we do not see, nor does Santiago proffer, any actual prejudice. In response to Santiago's April 7, 2011 letter inquiring about the status of the *Crosby* remand, Judge Marrero stated unequivocally: "Upon examination of the record of Santiago's conviction and sentence in the light of the relevant considerations stated in *Booker* and *Crosby*, the Court finds no grounds supporting a resentencing of Santiago." App. 19. Accordingly,

---

[1] In relevant part, 28 U.S.C. § 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

Judge Marrero was in an especially good position to conclude, in later ruling on Santiago's habeas petition, that there was not a reasonable probability of a different outcome had Santiago's counsel sought resentencing. *See United States v. Garcia*, 413 F.3d 201, 227 (2d Cir. 2005) (noting that "the original sentencing judge's familiarity with a case would allow him or her to make this comparative assessment [required by *Crosby*] most easily and reliably").

We similarly reject the contention that this case fits within that narrow set deemed "presumptively" prejudicial due to counsel's "'total[ ] absen[ce] . . . during a critical stage of the proceeding.'" *Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.25). Under our case law, "we have been disinclined to expand further the conduct denominated *per se* ineffective," *United States v. Kaid*, 502 F.3d 43, 46 (2d Cir. 2007), and have focused instead on whether, due to counsel's absence, "'the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'" *Id.* at 46–47 (quoting *Strickland*, 466 U.S. at 496). Accordingly, even where "[t]he alleged absence . . . was certainly unprofessional and likely objectively unreasonable," in order "to demonstrate a violation of his Sixth Amendment rights, [a petitioner] must still demonstrate some prejudice from his attorney's absence, whether specific, or . . . general." *Id.* at 47.

In the circumstances presented here, counsel's failure to file a motion for resentencing did not cause a breakdown in the adversarial process so as to warrant a finding of prejudice. The scope of the *Crosby* remand is limited; it is not a remand for resentencing, but a remand "for determination of *whether* to resentence." *Crosby*, 397 F.3d at 117. The primary inquiry on a *Crosby* remand— whether a sentence imposed under the post-*Booker* regime "would have been essentially the same as originally imposed," *id.* at 118—was one best addressed by the District Court, not counsel, in this case. Moreover, Santiago has not proffered any arguments on appeal in favor of resentencing to rebut the District Court's unequivocal statement that resentencing was unwarranted.

Accordingly, Santiago has not demonstrated sufficient prejudice to warrant habeas relief on this claim.

### B. *Frye/Lafler* Claim

Relying on *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), Santiago next argues that trial counsel was constitutionally ineffective in failing to communicate an offer by the government to withdraw the prior felony information filed against him in exchange for a guilty plea. After careful review of the record, we conclude that this argument lacks merit. The District Court did not clearly err in finding that no such offer had been made, and, in any event, there was no prejudice because Santiago's sentencing exposure was more favorable after trial than it would have been had he accepted the Government's purported offer.[2]

---

[2] We also reject Santiago's request that the case be remanded for an evidentiary hearing since Santiago has not proffered anything that credibly suggests an undisclosed offer was made. *See Machibroda v. United States*, 368 U.S. 487,

**C. Proceeding *Pro Se* and Case File**

Santiago's final contentions on appeal are that the District Court erred in proceeding as if Santiago had decided to represent himself in seeking resentencing, and then failed to ensure that Santiago received the complete case file that he needed to represent himself *pro se*. Having conducted an independent and *de novo* review of the record, we conclude that these arguments do not provide a basis for habeas relief.

**CONCLUSION**

We have considered all of Santiago's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 10, 2012 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

495 (1962) (stating that to warrant a hearing, the habeas petition must set forth specific facts supported by competent evidence).

4