**Jose Enrique SANTIAGO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

00–CR–237 (VM)
16–CV–2667 (VM)

United States District Court, S.D. New York.

Signed December 2, 2016

Jose Enrique Santiago, White Deer, PA, pro se.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Jose Enrique Santiago ("Santiago"), currently incarcerated at FCI Allenwood, brings this successive pro se motion under 28 U.S.C. Section 2255 ("Section 2255") challenging the legality of his sentence. ("Motion," Dkt. No. 599.) Santiago bases his challenge on Johnson v. United States, ─── U.S. ───, 135 S.Ct. 2551, 192 L.Ed.2d

569 (2015), the United States Supreme Court decision which voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("Residual Clause"), as unconstitutionally vague. (Id. at 4–5.) Following this Court's order denying the Motion (Dkt. No. 600), the United States Court of Appeals for the Second Circuit ("Second Circuit") instructed the Court to resolve factual issues regarding whether the challenged Sentencing Provision was applied to Santiago's offense level. (See "Second Circuit Mandate," Dkt. No. 602.) The Second Circuit directed this Court to stay the proceeding pending a decision by the United States Supreme Court in Beckles v. United States, —— U.S. ——, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). For the reasons set forth below, the Court TERMINATES the stay and DENIES the Motion.

## I. BACKGROUND

On November 26, 2002, the Court sentenced Santiago as a career offender pursuant to United States Sentencing Guideline Section 4B1.1 ("Section 4B1.1"), based on his two prior controlled substance convictions: (1) a May 1, 1991 conviction for criminal sale of a controlled substance in the third degree, arising out of an October 10, 1988 arrest, and (2) a May 1, 1991 conviction for criminal sale of a controlled substance in the third degree, arising out of a December 2, 1989 arrest. (See Sentencing Transcript, Dkt. No. 388; Presentence Investigation Report ("PSR"), Dkt. No. 604.) Although the Court concluded that Santiago was a career offender within the meaning of Section 4B1.1 (see Dkt. No. 388 at 32), the career offender guideline ultimately did not affect Santiago's sentence for two reasons: (1) his criminal history would have placed him in criminal history category VI even without application of Section 4B1.1, and (2) the Court

calculated Santiago's offense level without consideration of Section 4B1.1. (See Dkt. No. 604.) Specifically, the Presentence Investigation Report notes that Santiago's offense level without considering Section 4B1.1 was 46, which was higher than the offense level of 32 applicable under Section 4B1.1. (See id. at 13.)

Santiago appealed his judgment of conviction (Dkt. No. 383), and on April 7, 2005, the Second Circuit affirmed the conviction (Dkt. No. 473). On June 7, 2012, Santiago filed his first motion under Section 2255, asserting ineffective assistance of counsel. (Dkt. No. 1, 12 Civ. 4522.) The Court denied that motion on the merits on September 10, 2012. (Dkt. No. 567.) Santiago then brought his second Section 2255 motion, arguing that under Johnson, he no longer qualified as a career offender because one of his prior convictions was for assault, which Santiago argued was within the residual clause of Johnson. (Dkt. No. 599.) This Court denied his second motion. (Dkt. No. 600.) Soon after, the Second Circuit instructed the Court to resolve factual issues regarding whether the challenged Sentencing Provision was applied to Santiago's offense level. (See Dkt. No. 602.) The Second Circuit further directed this Court to stay the proceeding pending a Supreme Court decision in Beckles, but authorized the Court to terminate the stay upon motion or sua sponte, a provision that the Court interprets to apply upon a factual determination, following review of the sentencing record, that Johnson does not apply because Santiago's two prior convictions that precipitated the application of the career offender guideline did not involve any aspect of assault. (Dkt. No. 602). This Court now terminates the stay and denies Santiago's Motion.

## II. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if

it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

■ The Court notes that Santiago is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted). The Court must construe Santiago's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

■ A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir. 1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foil. § 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000).

### III. DISCUSSION

#### A. STAY

■ The Second Circuit Mandate stayed this action pending Supreme Court clarification and guidance expected in Beckles, concerning the application of Johnson, specifically whether Johnson ret-roactively applies to United States Sentencing Guidelines Section 4B1.2(a)(2)(2016). (See Dkt. No. 602). As noted above, however, the Second Circuit Mandate also stated that this Court is free to consider termination of the stay sua sponte. (See id.). For the reasons stated below, the Court concludes that Johnson is inapplicable to this case. Therefore, the outcome of Beckles is unlikely to have an impact on Santiago's Motion. On this basis, and in order to resolve the questions of fact mentioned in the Second Circuit Mandate, this Court hereby terminates the stay and considers the merits of Santiago's Motion.

#### B. JOHNSON CLAIM

■ In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm faces a sentencing enhancement if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in the ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. at 2558.

ACCA applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). In the instant case, Santiago was convicted of racketeering, racketeering conspiracy, and narcotics distribution conspiracy, not of being a felon in possession of a firearm. (See Dkt. No. 379.) Therefore, ACCA does not apply, and the

Supreme Court's ruling in Johnson is not relevant on that basis.

■ The Second Circuit, however, has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1, if at least one of the prior convictions was a "crime of violence," a phrase defined in United States Sentencing Guideline Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 810–11 (2d Cir. 2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Johnson is not applicable here because, as this Court's review of Santiago's PSR and Sentencing Transcript confirms, Santiago's two prior offenses that triggered the application of the career offender guideline were controlled substance convictions, not convictions related to "crimes of violence." (See Dkt. No. 604.) As Santiago's prior assault conviction did not play a role in the Court's application of the career offender guideline, his sentence was not enhanced by a crime of violence within the meaning of Section 4B1.1's residual clause.

■ Finally, although the Court concluded that the career offender guideline applied to Santiago, that provision did not impact or alter his sentence in any way. As mentioned above, Santiago's criminal history fell within category VI regardless of the application of Section 4B1. Furthermore, Santiago's offense level was calculated without consideration of the career offender guideline. (See Dkt. No. 604.) In fact, the career offender guideline offense level of 32 was twelve levels lower than the offense level of 46 that was ultimately calculated and applied. (See id.) Thus, the Motion is DENIED.

## C. TRANSFER TO THE SECOND CIRCUIT

■ As a general matter, this Court does not have jurisdiction to address a successive motion without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. Sections 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Avendano v. United States, No. 02–cr–1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014).

To proceed with a successive motion, Santiago must demonstrate that the Motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. Section 2255(h). Because Santiago does not demonstrate that his Motion satisfies either standard, the Court declines to transfer the motion to the Second Circuit for certification under Sections 2255(h) and 2244(b)(3).

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the stay on this proceeding directed pursuant to the mandate of the United States Court of Appeals for the Second Circuit (Dkt. No. 602.) is **TERMINATED**; and it is further

**ORDERED** that the motion of defendant Jose Enrique Santiago (Dkt. No. 599)

to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is **DENIED.**

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Santiago has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**