JORDAN, Circuit Judge,
concurring:
For me, the record drives the resolution of this case and renders largely academic the debate about what constitutes a “critical stage” of a trial. I therefore join the court’s opinion except for Parts Y.B and V.C.3, both of which discuss what is or is not a “critical stage.” The portions I join contain what I consider to be the court’s two most important holdings: that there was a Sixth Amendment violation due to defense counsel’s absence from a brief portion of the trial, and that this constitutional error was harmless.
To recap, while Mr. Roy’s counsel was absent from the courtroom for seven minutes, Deputy Longson answered a number of questions posed to him by the prosecutor. Once counsel had returned, however, Deputy Longson repeated the testimony he had given in counsel’s absence. There was one difference in the testimony, as the court’s opinion explains, but that difference was not material. So counsel heard essentially everything he had missed during his brief absence, chose not to object to what he heard upon his return, and had the opportunity to cross-examine Deputy Longson concerning the repeated testimony.
Because there was, in practical terms, a do-over after counsel returned to the courtroom, this case is amenable to harmless error review, and there is no need (or institutional reason) to presume prejudice. We can, without much difficulty, assess the impact (or lack thereof) of counsel’s absence, as was done in Sweeney v. United States, 766 F.3d 857, 860-61 (8th Cir. *1209 2014), and United States v. Kaid, 502 F.3d 43, 45-47 (2d Cir. 2007).
Another way to approach this case is to think about what might have happened had Mr. Roy’s counsel objected, immediately upon his return to the courtroom, to evidence being presented in his absence. The district court, I think, would not have been compelled to grant an immediate mistrial, and could have remedied the Sixth Amendment violation in a number of ways. For example, the district court could have told the jurors what happened, stricken the testimony introduced in counsel’s absence, instructed the jurors to disregard that testimony, and allowed the prosecutor to elicit that testimony again. Or the district court could have excused the jury, allowed the court reporter to read back the testimony that counsel had missed, and permitted counsel to lodge any objections he wished. Either of these two options, in my opinion, would have allowed counsel to be prepared to question Deputy Longston and rendered the constitutional error harmless. Here, the repetition of the missed testimony following counsel’s return to the courtroom accomplished essentially the same thing.
But where the absence of counsel is longer, and/or where the missed testimony is not substantially repeated or available for review prior to cross-examination, the constitutional analysis (and the result) might well be different. See, e.g., United States v. Russell, 205 F.3d 768, 769-70, 772-73 (5th Cir. 2000); Olden v. United States, 224 F.3d 561, 566, 568-70 (6th Cir. 2000). The same goes for when both the defendant and his counsel are missing from the courtroom while inculpatory testimony is presented, as the defendant’s absence adds an important wrinkle to the analysis. Cf. Snyder v. Comm. of Massachusetts, 291 U.S. 97, 107-08, 54 S.Ct. 330, 78 L.Ed. 674 (1934) (“So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.”); United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000) (articulating the same standard under the Fifth Amendment). I do not read the court’s opinion to suggest otherwise.