VICTOR MARRERO, District Judge
Jose Enrique Santiago ("Santiago") is currently serving a sentence of 70 years of incarceration after a jury convicted him of racketeering and conspiracies to distribute narcotics and commit extortion. The United States Court of Appeals for the Second Circuit affirmed Santiago's conviction, but remanded the case for this Court to determine whether to resentence Santiago in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Santiago, 126 F. App'x 21, 24 (2d Cir. 2005).
The Court ultimately did not resentence Santiago. Santiago subsequently filed a pro se motion under 28 U.S.C. Section 2255 ("First Section 2255 Petition"), in which he asserted (1) that the Court's decision not to resentence was an abuse of discretion and (2) constitutional ineffectiveness of counsel at trial and sentencing. (See Dkt. No. 4 at 4-13.) The Court denied the First Section 2255 Petition in 2012. See Santiago v. United States, No. 12 Civ. 4522, 2012 WL 12857962 (S.D.N.Y. Sept. 10, 2012), aff'd, 563 F. App'x 30 (2d Cir. 2014).
In 2016, Santiago filed a second pro se motion under 28 U.S.C. Section 2255 ("Second Section 2255 Petition"), this time challenging his sentence under Johnson v. United States, --- U.S. ----, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court decision that voided the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. Section 924(e)(2)(B)(ii). See Santiago v. United States, No. 16 Civ. 2667, Dkt. No. 1 (S.D.N.Y. Apr. 5, 2016). The Court denied the Second Section 2255 Petition.
*211 See Santiago v. United States, 222 F. Supp. 3d 353, 357-58 (S.D.N.Y. 2016).
On October 22, 2018, Santiago moved pro se, under Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from the 2012 denial of his First Section 2255 Petition. (See " Rule 60 Motion," Dkt. No. 14.) He argues that the Court committed plain error at his sentencing. (Id. at 7-8.) In Santiago's view, "he was sentenced twice for participating in what was actually one conspiracy," in violation of the Double Jeopardy Clause of the United States Constitution. (Id. at 9-11.)
For the reasons set forth below, the Court DENIES the Rule 60 Motion.
The Court notes that, because Santiago is a pro se litigant, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted). The Court must construe Santiago's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir. 1983) ).
Santiago moves for relief from the denial of his First 2255 Petition pursuant the catch-all sub-provision of Federal Rule of Procedure 60(b) (" Rule 60(b)"), which allows a court to provide relief from a judgment for "any other reason that justifies" it. Fed. R. Civ. P. 60(b)(6). "District [c]ourts must analyze a Rule 60(b) motion challenging denial of a previous habeas petition to determine whether it is genuinely a Rule 60(b) motion or instead a successive habeas petition." Chen v. United States, 12 Civ. 3904, 2016 WL 519617, at *4 (S.D.N.Y. Feb. 3, 2016). In this context, a genuine Rule 60(b) motion is one that attacks the integrity of the original habeas proceeding. See Gonzalez v. Crosby, 545 U.S. 524, 532 n.5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Because Santiago does not identify any flaw in his original habeas proceeding, but instead challenges his sentencing (see Rule 60 Motion at 5, 7-11), the Court finds that the Rule 60 Motion does not attack the integrity of the original habeas proceeding and therefore is not a genuine Rule 60(b) motion.
Upon finding that a purported Rule 60(b) motion does not attack the integrity of the original habeas proceeding, a district court can either "treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the United States Court of Appeals for the Second Circuit] for possible certification, or ... simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002) ). The Court denies the Rule 60 Motion as beyond the scope of Rule 60(b).
For the reasons stated above, it is hereby
ORDERED that the motion (Dkt. No. 14) of petitioner Jose Enrique Santiago pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure for relief from the Court's September 10, 2012 Order (Dkt. No. 7) is DENIED .
SO ORDERED .