19-291-pr
*Milios v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty.

PRESENT:  DENNY CHIN,
                        *Circuit Judge*,
               KARI A. DOOLEY,
                        *District Judge*.*±

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FILIPPOS MILIOS,

                        *Petitioner-Appellant*,

                   -v-                                                                    19-291-pr

UNITED STATES OF AMERICA,

                        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*        Judge Kari A. Dooley, of the United States District Court for the District of Connecticut, sitting by designation.

±        Judge Susan L. Carney, originally assigned to the panel, recused herself from consideration of this matter. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

FOR PETITIONER-APPELLANT: CHRISTOPHER J. MIKESH (Scott A. Chesin and Thomas P. Halpern, *on the brief*), Mayer Brown LLP, New York, New York.

FOR RESPONDENT-APPELLEE: DAVID T. HUANG, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Filippos Milios appeals from the district court's order entered December 3, 2018 denying his motion for relief pursuant to 28 U.S.C. § 2255. On appeal, Milios argues that the district court should have granted him an evidentiary hearing on the merits of his ineffective assistance of counsel claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Milios participated in a mortgage fraud conspiracy from 2005 to 2010 whereby he fraudulently obtained approximately $10 million in mortgages and caused his victims to lose more than $5.6 million. He was arrested on January 31, 2013 and released on bond on February 5, 2013. Before he was officially charged with any crime, Milios and his attorney discussed the possibility of reaching a plea deal with the

government. Milios, however, expressed concern about serving more than six years in jail, and no deal was reached. He was indicted on August 8, 2013, and he pled not guilty the following day. On March 20, 2014, while out on bail, he was arrested after the government learned that he inquired about fleeing the country.

Following his arrest, the government and Milios reached a plea agreement, and, on September 15, 2014, Milios pled guilty to two of the six counts in the indictment. During his plea allocution -- which was conducted before a magistrate judge -- Milios acknowledged that he understood the charges against him, faced up to 30 years' imprisonment on one of the counts to which he was pleading guilty and up to 10 years' imprisonment on the second, and had not been promised a particular sentence by anyone. The magistrate judge recommended that the district court accept Milios's plea, and the district court did so the following day.

Although Milios requested a sentence of five years' imprisonment, on January 6, 2015, the district court sentenced him to 97 months' imprisonment. Over a year-and-a-half later, on June 27, 2016, Milios filed a *pro se* § 2255 motion claiming, *inter alia*, that his former attorney was ineffective because he told Milios and his family: "[T]he judge's assistant is a longtime friend. You will get four years[' imprisonment]. We will go behind the prosecutor and right to the judge." App'x at 146. According to the motion, these statements played a role in -- but were not the only reason for -- Milios pleading guilty. He was also worried about "the t[h]reat of having someone

-3-

from [his] family arrested." App'x at 146. His motion did not include an affidavit from his former attorney acknowledging making the statement or from any family member who heard it.

More than two years later, Milios filed a writ of mandamus with this Court. While his writ was pending, the district court denied his § 2255 motion, concluding, in relevant part, that Milios's claim that his attorney promised him a four-year sentence was belied by his plea allocution, where he affirmed under penalty of perjury that no one promised him a particular sentence. This Court granted a certificate of appealability to determine whether the district court should have conducted an evidentiary hearing or required Milios's former attorney to respond to the allegations before dismissing Milios's motion. This appeal followed.

A prisoner who believes his "sentence was imposed in violation of the Constitution or laws of the United States" can file a motion with the court that imposed his sentence requesting that it be vacated, set aside, or corrected. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). Where appropriate, however, the district court may develop the record without a full evidentiary hearing. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (noting that 28 U.S.C. § 2255 "does not strip the district courts of all discretion

to exercise their common sense" and investigate the record "without requiring the personal presence of the prisoner"); *see also Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011) (explaining there is "a middle road [between summary dismissal and an evidentiary hearing for] deciding disputed facts on the basis of written submissions" to resolve § 2255 motions (quotation marks omitted)). We review the district court's decision not to grant an evidentiary hearing for abuse of discretion. *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001).

To state a colorable claim of ineffective assistance of counsel, a petitioner "must demonstrate both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's performance may be deficient if the client is persuaded to plead guilty based on promises or assurances that the judge will impose a particular sentence. *See Mosher v. Lavallee*, 491 F.2d 1346, 1347 (2d Cir. 1974). A petitioner who pled guilty can satisfy the prejudice prong by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "We review ineffective assistance of counsel claims *de novo*." *United States v. Kaid*, 502 F.3d 43, 45 (2d Cir. 2007).

Here, Milios alleges that part of the reason why he pled guilty was because his attorney promised him and his family that he could secure Milios a four-

year sentence based on his personal relationship with the sentencing judge's assistant. Assuming counsel made such a promise -- and this is merely an assumption because, aside from his own affidavit, Milios did not provide any support that such a promise was made -- the conduct might very well fall below the "objective standard of reasonableness" required of counsel. *See Strickland*, 466 U.S. at 687-88. Milios's claim, however, falls short at the prejudice prong. According to Milios, the alleged promise of a four-year sentence was only part of the reason why Milios pled guilty; he was also concerned that going to trial would put a member of his family in jeopardy of imprisonment. Moreover, the evidence against Milios was nearly insurmountable. He admitted to the criminal conduct in a proffer with the government, and he was arrested after trying to make plans to flee the country. And while the district court could have required Milios's counsel to respond to the allegation that he promised his client a four-year sentence, *see Machibroda*, 368 U.S. at 495-96, this was not necessary, especially given that Milios asked the court for a five-year sentence both before and during sentencing, which was more than the sentence he was allegedly promised by his counsel. These undisputed facts strongly undercut both Milios's assertion that counsel promised him a four-year sentence and that, but for that promise, he would not have pled guilty and would have insisted on going to trial. Thus, "the motion and the files and records of the case conclusively show" that Milios was not entitled to relief, 28 U.S.C. § 2255(b), and therefore no hearing was required. Accordingly, the district court did not abuse its

discretion by declining to hold an evidentiary hearing and denying Milios's § 2255 motion.

*  *  *

We have considered Milios's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk